IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| USP MARYLAND, INC., Plaintiff, v. DR. THOMAS RALEY, Defendant. | Civil Action No. 23-926-CFC |

# **MEMORANDUM**

USP Maryland (USPM) filed the Complaint in this action against Defendant Thomas Raley in the Superior Court of the State of Delaware. D.I. 1-1. USPM asserts state law claims for fraud and breach of contract and seeks more than $1 million in damages. D.I. 1-1 ¶¶ 16–28. Raley, proceeding *pro se*, timely filed a Notice of Removal in this Court based on diversity jurisdiction under 28 U.S.C. § 1332. D.I. 1. USPM has moved to remand the case to the Superior Court pursuant to 28 U.S.C. § 1447(c). D.I. 3. USPM argues that remand is required because complete diversity does not exist between itself and Raley. D.I. 3 at 5. Raley argues that complete diversity exists between himself and USPM's parent company, United Surgical Partners (USP), and alternatively that a forum selection

clause agreed to by the parties allows this case to proceed in federal court. D.I. 1 ¶¶ 6–10; D.I. 6 at 1.

"A district court has diversity jurisdiction over state-law claims . . . if the amount in controversy exceeds $75,000 and there is complete diversity amongst the parties." *Smith v. Allied Retail Properties*, 802 F. App'x 734, 735 (3d Cir. 2020) (citing 28 U.S.C. § 1332(a)). For complete diversity to exist, "no plaintiff can be a citizen of the same state as any of the defendants." *Id.* (internal quotation marks and citation omitted).

"It is settled that the removal statutes [28 U.S.C. §§ 1441–1452] are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). The party seeking removal bears the burden to establish federal jurisdiction. *Id.* Importantly, "no action of the parties can confer subject-matter jurisdiction upon a federal court." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). When deciding whether to remand a case, the district court is to accept as true all factual allegations in the complaint at the time of removal. *Steel Valley Auth.*, 809 F.2d at 1010.

Raley is a resident of Maryland. D.I. 1 ¶ 7. USPM is a corporation incorporated in Maryland and with its principal place of business in Maryland. D.I. 1-1 ¶ 1. It is black letter law that corporations are considered citizens of both

their state of incorporation and their principal place of business for the purposes of subject matter jurisdiction. 28 U.S.C. § 1332(c)(1). Therefore, because Raley and USPM are both citizens of Maryland, diversity does not exist between the parties. Accordingly, I must remand this case for lack of subject-matter jurisdiction.

Raley argues in the Notice of Removal that complete diversity exists because "the real party in interest in this litigation . . . is United Surgical Partners (USP), which is a Texas [c]orporation and [USPM] is a wholly owned subsidiary of USP." D.I. 1 ¶ 8. But under Third Circuit law, "where the corporate separation between a parent and subsidiary, though perhaps merely formal, is real and carefully maintained, the separate place of business of the subsidiary is recognized in determining jurisdiction, even though the parent corporation exerts a high degree of control through ownership or otherwise." *Quaker State Dyeing & Finishing Co. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1142 (3d Cir. 1972) (internal quotation marks and citation omitted). Here, although USPM is a wholly own subsidiary of USP, USPM nonetheless has its own principal place of business and place of incorporation. *See* D.I. 1-1 ¶ 1. I therefore must ascertain diversity jurisdiction based on USPM's state of incorporation and principal place of business.

Raley separately argues in his answering brief that a forum selection clause agreed to by the parties allows for this case to be filed in this Court. D.I. 6 ¶¶ 3–4.

USPM and Raley entered into a Membership Interest Purchase Agreement on December 29, 2021. D.I. 1-1 ¶ 3. Section 9.14 of the Agreement provides:

> Any legal action arising out of, relating to or based upon this Agreement, the Ancillary Agreements or the Transactions (whether in contract, tort, equity or otherwise) shall be instituted in state or federal courts located within the State of Delaware and the appropriate appellate courts thereof. Each Party hereby irrevocably and unconditionally waives, to the fullest extent permitted by Law, any objection or defense (including inconvenient forum) that may now have or hereafter have to the laying of venue of any such dispute brought in any such court and submits to the exclusive jurisdiction of such courts in any Proceeding arising out of or related to this Agreement, the Ancillary Agreements or the Transactions.

D.I. 1-1 ¶ 3. Raley is correct that this case "could have been filed" in this Court based on the forum selection clause. *See* D.I. 6 ¶ 4. But filing a case is different than a court having jurisdiction over a case. Federal courts are "courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). And federal courts must have subject matter jurisdiction to hear a case. *Ins. Corp. of Ireland*, 456 U.S. at 702 ("Subject-matter jurisdiction . . . is an Art. III as well as a statutory requirement."). Here, although the parties agreed to a forum selection clause, the forum selection clause cannot independently confer federal jurisdiction. *See Ins. Corp. of Ireland*, 456 U.S. at 702 ("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court."); *see also Capitol Hotel Assocs., L.P., L.L.P. v. Signature Special Events Servs., Inc.*, 2008 WL 11432090, at *3

(E.D.N.C. Feb. 11, 2008) ("[F]orum selection clauses do not govern federal jurisdiction and venue."). Thus, I find Raley's argument that the forum selection clause allows this case to proceed in this Court to be unavailing.

Because I lack subject matter jurisdiction over state law claims without complete diversity, I will remand the case.

CHIEF JUDGE